**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ALEXANDRO PUMPHREY, | :: | HABEAS CORPUS |
| Petitioner, | :: | 28 U.S.C. § 2254 |
| | :: | |
| v. | :: | |
| | :: | |
| THOMAS E. BROWN, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:12-CV-4337-TWT-RGV |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Petitioner Alexandro Pumphrey, an inmate at the DeKalb County Jail in Decatur, Georgia, has filed this 28 U.S.C. § 2254 petition to challenge his November 9, 2012, probation revocation conviction in the Superior Court of DeKalb County. [Doc. 1]. The matter is now before the Court on petitioner's application for leave to proceed in forma pauperis ("IFP"), [Doc. 2], and for a preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "Rule 4"). A review of petitioner's financial affidavit reveals that he currently has insufficient funds to pay the filing fee. Accordingly, petitioner's IFP application, [Doc. 2], is hereby **GRANTED**. For the reasons stated below, the undersigned **RECOMMENDS** that this action be dismissed under Rule 4.

# I. DISCUSSION

Under Rule 4, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." See also McFarland v. Scott, 512 U.S. 849, 856 (1994) (stating that Rule 4 dismissal is appropriate when a petition "appears legally insufficient on its face"). The court's power to order summary dismissal of a "legally insufficient" petition is rooted in "the duty of the court [under 28 U.S.C. § 2243] to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." 28 U.S.C. foll. § 2254, Rule 4 Advisory Committee's Note.

A district court may not grant a habeas corpus petition unless it appears that either (1) the petitioner "has exhausted the remedies available in the courts of the State"; (2) "there is an absence of available State corrective process"; or (3) "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A)-(B). A petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Before seeking federal habeas corpus relief, "state prisoners must give the

state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

According to the instant § 2254 petition, on November 9, 2012, the Superior Court of DeKalb County revoked petitioner's probation and sentenced him to one year of imprisonment based on his testing positive for cocaine on January 9, 2012, his guilty plea to criminal trespass in Fulton County, and his failure to compete drug rehabilitation and G.E.D. programs. [Doc. 1 at 1, 10, 12]. As grounds for relief, petitioner alleges that his DeKalb County probation officer elected to charge him with violating his probation despite his Fulton County probation officer's decision not to do so, and that the court refused to allow him to present evidence to show that he successfully completed both a drug rehabilitation program and a G.E.D. program. [Id. at 10-15]. Petitioner, however, acknowledges that he has not filed a direct appeal and that his motion to modify his sentence is currently pending in the Superior Court of DeKalb County. [Id. at 2, 4]. Because petitioner has admittedly not exhausted his available state court remedies and has not alleged that the state process has become "ineffective" to protect his rights, this habeas action is due to be dismissed for failure

3

to exhaust available state court remedies. See 28 U.S.C. § 2254(b)(1); O'Sullivan, 526 U.S. at 845.

## II. CERTIFICATE OF APPEALABILITY

Under Rule 22(b)(1) of the Federal Rules of Appellate Procedure, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted).

Where, as here, a habeas petition is denied on procedural grounds without reaching the prisoner's underlying constitutional claim, "a certificate of appealability

4

should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (internal quotations marks omitted) (citing Slack, 529 U.S. at 484). Because petitioner cannot show that reasonable jurists could debate the dismissal of this habeas action for lack of exhaustion, he should be denied a COA.

### III. CONCLUSION

For the reasons set forth above, petitioner's IFP application, [Doc. 2], is **GRANTED**, and **IT IS RECOMMENDED** that this 28 U.S.C. § 2254 petition, [Doc. 1], be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4 and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO ORDERED AND RECOMMENDED** this 21st day of December, 2012.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

5

AO 72A
(Rev.8/82)